**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JIA WANG LIN, on behalf of himself and all others
similarly situated,

       Plaintiff,

       v.

CANADA GOOSE US, INC.,

       Defendant.

21-cv-07614 (LGS)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## ON BEHALF OF CANADA GOOSE US, INC.

Chong S. Park (admitted *pro hac vice*)
**ROPES & GRAY LLP**
2099 Pennsylvania Ave. NW
Washington, DC 20006-6807
Tel: (202) 508-4631
Fax: (202) 383-8370
Chong.Park@ropesgray.com

Alexander B. Simkin
Matt Corriel (admission pending)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
Alexander.Simkin@ropesgray.com
Matt.Corriel@ropesgray.com

Monica Mleczko (admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
Monica.Mleczko@ropesgray.com

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................. 1

STATEMENT OF FACTS ....................................................................... 3

ARGUMENT ......................................................................................... 4

  I.    The Second Amended Complaint Is Inadequately Pled ....................................... 5

  II.   Plaintiff Fails to State a Claim Under N.Y. G.B.L. § 349 (Count I) ................................. 6

      A.    The Statement Would Not Mislead a Reasonable Consumer as a Matter of Law..... 7

      B.    Plaintiff Has Not Alleged Causation and Lacks Article III Standing...................... 12

  III.  The Remaining Claims Should Also Be Dismissed ........................................ 13

      A.    Plaintiff Fails to Plead Facts Establishing the Elements of the Non-New York Causes of Action and Lacks Standing to Bring Such Claims (Count II)......................... 13

      B.    Plaintiff's Unjust Enrichment Claim Is Duplicative and Unsupported by the Alleged Facts (Count III)..................................................................... 16

      C.    Plaintiff Fails to Sufficiently Allege a Negligent Misrepresentation Claim (Count V) ................................................................................... 17

      D.    Plaintiff's Claims for Breach of Implied Warranty Fail as a Matter of Law (Counts VI and VII).............................................................................. 19

      E.    Plaintiff's Breach of Express Warranty Claim Fails (Count VIII) .......................... 21

      F.    The MMWA Claim Fails Along with the Express and Implied Warranty Claims (Count IV).................................................................................. 24

      G.    Plaintiff Lacks Standing to Pursue Injunctive Relief............................................. 25

CONCLUSION....................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*,
  404 F.3d 566 (2d Cir. 2005) ................................................................................17

*Anderson v. Bungee Int'l Man. Co.*,
  44 F. Supp. 2d 534 (S.D.N.Y. 1999) ...................................................................22

*Amos v. Biogen Idec Inc.*,
  249 F. Supp. 3d 690 (W.D.N.Y. 2017) ................................................................18

*Anschutz Corp. v. Merrill Lynch & Co.*,
  690 F.3d 98 (2d Cir. 2012) ..................................................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................................................................4, 5

*Axon v. Fla. Nat. Growers, Inc.*,
  813 F. App'x 701 (2d Cir. 2020) ...........................................................................9

*Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*,
  2021 WL 2414872 (S.D.N.Y. June 11, 2021) .......................................................6

*Barreto v. Westbrae Nat., Inc.*,
  518 F. Supp. 3d 795 (S.D.N.Y. 2021) .................................................................22

*Bassaw v. United Indus. Corp.*,
  482 F. Supp. 3d 80 (S.D.N.Y. 2020) .........................................................14, 20, 21

*Beckford v. Pantresse, Inc.*,
  51 A.D.3d 958 (N.Y. App. Div. 2d Dep't 2008) ..................................................23

*Belfiore v. Proctor & Gamble Co.*,
  311 F.R.D 29 (E.D.N.Y. 2015) ..............................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................4, 5

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
  949 F. Supp. 2d 486 (S.D.N.Y. 2013) .................................................................18

*Brumfield v. Trader Joe's Co.*,
  2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018) ............................................ *passim*

*Brunella v. Bracchi*,
    131 Misc. 301 (N.Y. App. Div. 1st Dep't 1928) ...................................................20

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
    516 F. Supp. 3d 370 (S.D.N.Y. 2021)...................................................................17

*Caronia v. Philip Morris USA, Inc.*,
    715 F.3d 417 (2d Cir. 2013)...................................................................................20

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)...................................................................................4

*Chen v. Dunkin' Brands, Inc.*,
    2018 WL 9346682 (E.D.N.Y. Sept. 17, 2018) ..................................................8, 15

*Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020).................................................................................5, 11

*Chin v. Gen. Mills, Inc.*,
    2013 WL 2420455 (D. Minn. June 3, 2013).........................................................23

*Chun Lan Guan v. Long Island Bus. Inst., Inc.*,
    2019 WL 3807455 (E.D.N.Y. Aug. 13, 2019)......................................................6

*In re Citigroup Auction Rate Sec. Litig.*,
    700 F. Supp. 2d 294 (S.D.N.Y. 2009)..................................................................14

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ...............................................................................................25

*Colpitts v. Blue Diamond Growers*,
    527 F. Supp. 3d 562 (S.D.N.Y. 2021)..............................................................14, 19

*Corsello v. Verizon N.Y., Inc.*,
    18 N.Y.3d 777 (N.Y. 2012) ............................................................................16, 17

*Cosgrove v. Or. Chai, Inc.*,
    520 F. Supp. 3d 562 (S.D.N.Y. 2021)..................................................................24

*Cosh v. Atrium Med. Corp.*,
    2020 WL 583826 (S.D.N.Y. Feb. 6, 2020)..........................................................18

*D.J. by Next Friend Megahey v. Cty. of Westchester*,
    2020 WL 419382 (S.D.N.Y. Jan. 27, 2020) ........................................................6

*DaCorta v. AM Retail Grp.*,
    2018 WL 557909 (S.D.N.Y. Jan. 23, 2018).........................................................25

*Daley v. McNeil Consumer Prod. Co., a div. of McNeil-PPC,*
164 F. Supp. 2d 367 (S.D.N.Y. 2001)......................................................22

*DeBlasio v. Merrill Lynch & Co.,*
2009 WL 2242605 (S.D.N.Y. July 27, 2009) ........................................17

*DiMuro v. Clinique Lab'ys, LLC,*
572 F. App'x 27 (2d Cir. 2014) .............................................................16

*Duran v. Henkel of Am., Inc.,*
450 F. Supp. 3d 337 (S.D.N.Y. 2020)...................................................25

*Ebin v. Kangadis Food Inc.,*
2013 WL 3936193 (S.D.N.Y. July 26, 2013) ........................................24

*Fink v. Time Warner Cable,*
714 F.3d 739 (2d Cir. 2013)................................................................7, 8

*Fisher v. APP Pharms., LLC,*
783 F. Supp. 2d 424 (S.D.N.Y. 2011)...................................................18

*Frank v. Gaos,*
139 S. Ct. 1041 (2019)..........................................................................15

*Gavilanes v. Gerber Prod. Co.,*
2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021).........................................24

*George v. Starbucks Corp.,*
2020 WL 6802955 (S.D.N.Y. Nov. 19, 2020) ..........................................7

*Gomez-Jimenez v. N.Y. Law Sch.,*
956 N.Y.S.2d 54 (N.Y. App. Div. 1st Dep't 2012) ................................11

*Gonzalez v. Bristol–Myers Squibb Co.,*
2009 WL 5216984 (D.N.J. Dec. 20, 2009)............................................18

*Gordon v. Hain Celestial Grp., Inc.,*
2017 WL 213815 (S.D.N.Y. Jan. 18, 2017) ..........................................16

*Guangqing Lin v. Teng Fei Rest. Grp. Inc.,*
2020 WL 264407 (S.D.N.Y. Jan. 17, 2020) .............................................6

*Hampshire Equity Partners II, L.P. v. Teradyne, Inc.,*
2005 WL 736217 (S.D.N.Y. Mar. 30, 2005) ..........................................10

*Hampshire Equity Partners II, L.P. v. Teradyne, Inc.,*
159 Fed. App'x. 317 (2d Cir. 2005)......................................................10

iv

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
    227 F.3d 8 (2d Cir. 2000) .........................................................................17

*In re Initial Pub. Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2009) ............................................................14

*Izquierdo v. Mondelez Int'l, Inc.*,
    2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) ....................................17, 18

*Jessani v. Monini N. Am., Inc.*,
    744 F. App'x 18 (2d Cir. 2018) .................................................................7

*Ji Li v. New Ichiro Sushi, Inc.*,
    2020 WL 2094095 (S.D.N.Y. Apr. 30, 2020) ...........................................6

*Jianjun Chen v. 2425 Broadway Chao Rest., LLC*,
    331 F.R.D. 568 (S.D.N.Y. 2019) ..............................................................6

*Jianshe Guo v. A Canaan Sushi Inc.*,
    2019 WL 1507900 (S.D.N.Y. Apr. 5, 2019) .............................................6

*Jin v. Shanghai Original, Inc.*,
    990 F.3d 251 (2d Cir. 2021) ......................................................................6

*Jones v. Orgain, LLC*,
    2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021) ..........................................7

*Kail v. Wolf Appliance, Inc.*,
    2017 WL 3608242 (E.D.N.Y. Aug. 21, 2017) ........................................24

*Lieb v. Am. Motors Corp.*,
    538 F. Supp. 127 (S.D.N.Y. 1982) .........................................................24

*Lopez v. Arby's Franchisor, LLC*,
    2021 WL 878735 (S.D.N.Y. Mar. 8, 2021) ...............................................5

*Lugones v. Pete & Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020) ........................................9, 12, 19

*In re Lyman Good Dietary Supplements Litig.*,
    2018 WL 3733949 (S.D.N.Y. Aug. 6, 2018) ..........................................21

*Mazella v. Coca-Cola Co.*,
    2021 WL 2940926 (S.D.N.Y. July 12, 2021) ..........................................22

*McMorris v. Carlos Lopez & Assocs., LLC*,
    995 F.3d 295 (2d Cir. 2021) ....................................................................15

*Mendez v. Apple, Inc.*,
2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ........................................................5

*Mid Island LP v. Hess Corp.*,
2013 WL 6421281 (N.Y. Sup. Ct. Dec. 2, 2013) ..................................................20

*Moreno v. Deutsche Bank Americas Holding Corp.*,
2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017)..........................................................16

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
693 F.3d 145 (2d Cir. 2014)............................................................................15, 16

*Nelson v. MillerCoors, LLC*,
246 F. Supp. 3d 666 (E.D.N.Y. 2017) ..................................................................23

*Nemes v. Dick's Sporting Goods, Inc.*,
521 F. Supp. 3d 328 (S.D.N.Y. 2021) ..................................................................21

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016)..................................................................................25

*Oden v. Bos. Sci. Corp.*,
330 F. Supp. 3d 877 (E.D.N.Y. 2018) ..................................................................23

*Orozco v. Fresh Direct, LLC*,
2016 WL 5416510 (S.D.N.Y. Sept. 27, 2016)..........................................................4

*Panora v. Deenora Corp.*,
521 F. Supp. 3d 177 (E.D.N.Y. 2021) ....................................................................6

*Panora v. Deenora Corp.*,
2021 WL 5712119 (E.D.N.Y. Dec. 2, 2021) ...........................................................6

*Parrott v. Coopers & Lybrand, L.L.P.*,
95 N.Y.2d 479 (N.Y. 2000) ..................................................................................18

*Petrarca v. Garrison Prop. & Cas. Ins. Co.*,
2019 WL 1453058 (D.R.I. Apr. 2, 2019)...............................................................14

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
227 F.3d 489 (5th Cir. 2000) ................................................................................10

*Quinn v. Walgreen Co.*,
958 F. Supp. 2d 533 (S.D.N.Y. 2013)....................................................................19

*Quintana v. B. Braun Med. Inc.*,
2018 WL 3559091 (S.D.N.Y. July 24, 2018) ....................................................4, 12

*Reid v. Gen. Motors LLC*,
    491 F. Supp. 3d 268 (E.D. Mich. 2020)............................................................14

*Ret. Bd. of the Policemen's Annuity & Ben. Fund of Chi. v. Bank of N.Y. Mellon*,
    775 F.3d 154 (2d Cir. 2014)..............................................................14, 15

*Riker v. Premier Cap., LLC*,
    2016 WL 5334980 (S.D.N.Y. Sept. 22, 2016)........................................18

*Rodpracha v. Pongsri Thai Rest. Corp.*,
    2021 WL 1733531 (S.D.N.Y. Feb. 11, 2021)...........................................6

*Rodpracha v. Pongsri Thai Rest. Corp.*,
    2021 WL 1733515 (S.D.N.Y. Mar. 22, 2021)..........................................6

*Serbalik v. Gen. Motors Corp.*,
    667 N.Y.S.2d 503 (N.Y. App. Div. 3d Dep't 1998) .........................10, 22

*Shi Ming Chen v. A Taste of Mao, Inc.*,
    2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021).........................................6

*Silva Run Worldwide Ltd. v. Bear Stearns & Co.*,
    2000 WL 1672324 (S.D.N.Y. Nov. 6, 2000)...........................................6

*Simington v. Lease Fin. Grp., LLC*,
    2012 WL 651130 (S.D.N.Y. Feb. 28, 2012)..........................................14

*Matter of Sundial Growers, Inc. Sec. Litig.*,
    138 N.Y.S.3d 330 (N.Y. App. Div. 1st Dep't 2021) .............................10

*TeeVee Toons, Inc. v. Gerhard Schubert GmbH*,
    2006 WL 2463537 (S.D.N.Y. Aug. 23, 2006).......................................13

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
    497 F.3d 144 (2d Cir. 2007)...................................................................10

*Torrent v. Ollivier*,
    2016 WL 4596341 (C.D. Cal. Sept. 2, 2016) ........................................13

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)......................................................................12, 13

*Truckenbrodt v. CBE Grp., Inc.*,
    2020 WL 6161254 (E.D.N.Y. Oct. 21, 2020).......................................13

*Tyman v. Pfizer, Inc.*,
    2017 WL 6988936 (S.D.N.Y. Dec. 27, 2017) ......................................20

*Valcarcel v. Ahold U.S.A., Inc.*,
  2021 WL 6106209 (S.D.N.Y. Dec. 22, 2021) ........................................19

*Wilson v. Merrill Lynch & Co.*,
  671 F.3d 120 (2d Cir. 2011)..........................................................................3

*Yi Mei Ke v. J R Sushi 2 Inc.*,
  2021 WL 965037 (S.D.N.Y. Mar. 15, 2021) ..........................................6

**Statutes**

15 U.S.C. § 2301 *et seq.*...........................................................................3, 24

15 U.S.C. § 2310(d)(3)..................................................................................24

Ala. Code § 8-19-10(e) ................................................................................13

Alaska Stat. § 45.50.535(b)(1) .....................................................................13

Fed. R. Civ. P. 8(a) ...................................................................................1, 5

Fed. R. Civ. P. 9(b) ...............................................................................3, 18

Fed. R. Civ. P. 12(b)(1) ..................................................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................................1, 4, 7

Fed. R. Civ. P. 23(a) .....................................................................................15

Ga. Code § 10-1-399(b) ................................................................................13

Ind. Code § 24-5-0.5-5(a) .............................................................................13

Ind. Code § 24-5-0.5-2(a)(5)-(8) ..................................................................13

Mass. Gen. Laws ch. 93A, § 9(3) .................................................................14

Me. Rev. Stat. Ann. tit. 5 § 213(1-A) ...........................................................13

N.Y. Gen. Bus. Law § 349........................................................................ *passim*

N.Y. U.C.C. § 2-314(2)(c) ............................................................................20

N.Y. U.C.C. § 2–315 ....................................................................................21

N.Y. U.C.C. § 2–317 ....................................................................................23

Defendant Canada Goose US, Inc. ("Canada Goose") respectfully submits this memorandum of law in support of its Motion to Dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Jia Wang Lin, on behalf of himself and a nationwide proposed class ("Plaintiff"), for lack of subject matter jurisdiction and failure to state a claim pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's Second Amended Complaint continues to suffer from the same defects as his first two complaints, including that it fails to fairly disclose the claims asserted against Canada Goose. The SAC remains a transparent "copy and paste" of other complaints filed by Plaintiff's counsel against other companies (that have since been dismissed). For example, the SAC still contains allegations that Canada Goose misrepresented that its clothing products contain "premium Angus 'steak'" and that, by purchasing several jackets, Plaintiff "intend[ed] to eat a premium meat product." SAC ¶¶ 142-43. In other paragraphs, Plaintiff simply changed the names of other products to "Product" and other companies to "Defendant" in a way that either makes no sense when applied to Canada Goose's clothing products or are so generic that they could apply to any company. *See, e.g.*, SAC ¶¶ 138, 144, 145 (alleging the "Products' ingredients" deviate from the "packaging and labeling"). The SAC thus fails to comply with Rule 8(a).

Canada Goose's best understanding of Plaintiff's lawsuit is that he contends he has been injured by a sentence on Canada Goose's website that he claims is false or misleading even though Plaintiff does not allege that he actually saw the sentence prior to allegedly purchasing three Canada Goose jackets in 2019. The sentence allegedly states that "[o]ur down blends all contain Canadian Hutterite down, which is among the highest quality Canadian down available, enabling us to manufacture lighter jackets without sacrificing warmth" (the "Statement"). *See*

SAC ¶ 35. The SAC does not clearly identify what Plaintiff contends is false or misleading about this sentence, but appears to contend that it is materially misleading because (i) he believed all of Canada Goose's products were made with exclusively goose down, (ii) his opinion is that the jackets he purchased are not "high quality," and (iii) Canada Goose allegedly placed "undue emphasis on the Hutterite origin of the down."

Plaintiff's core N.Y. Gen. Bus. Law ("N.Y. G.B.L.") § 349 claim should be dismissed for at least two reasons. First, as a matter of law, the Statement would not mislead a reasonable consumer. It does not state that Canada Goose uses exclusively goose down and plainly refers to "down blends," otherwise makes use of nonactionable puffery, and allegedly appeared on the Canada Goose website alongside additional disclosures providing specific detail about the materials used in Canada Goose's jackets. Second, Plaintiff fails to allege causation as he does not allege facts establishing that he actually saw the Statement prior to allegedly purchasing Canada Goose jackets in 2019. As such, even were the Statement somehow misleading, it could not have caused him any injury. Plaintiff's failure to allege that he saw the Statement pre-purchase also deprives him of Article III standing because he cannot have suffered any concrete harm where he purchased the jackets without knowledge of the Statement.

Plaintiff's hodgepodge of other claims fare no better. He brings claims under the laws of all fifty states (including, for a second time, N.Y. G.B.L. § 349) and the District of Columbia, but makes no effort whatsoever to plead the required elements of each of those statutes. These claims fail for the same reasons as his N.Y. G.B.L. § 349 claim and are also barred because he lacks standing to bring claims under the laws of states where he was not injured. Plaintiff asserts a claim for unjust enrichment, but he alleges no facts that would support such a claim and, in any event, unjust enrichment is barred where, as here, it is merely duplicative of other claims.

Plaintiff's negligent misrepresentation claim fails because he does not allege a special relationship, reliance, or meet the heightened pleading standards of Rule 9(b), to say nothing of his failure to adequately allege a misrepresentation.

Plaintiff's warranty claims are similarly lacking. As a threshold matter, they should all be dismissed for Plaintiff's failure to provide Canada Goose with timely pre-suit notice. In addition, Plaintiff's implied warranty claims fail because he does not even try to allege that the jackets are unfit for their ordinary purpose as outerwear, nor that he purchased the jackets for a particular purpose beyond their ordinary purpose. And his express warranty claim fails because he does not allege any of the four elements required to state such a claim. The Magnuson-Moss Warranty Act ("MMWA") claim fails because it is not an independent basis of liability, but rather is tied to his state law warranty claims. Further, MMWA claims require at least one hundred named plaintiffs, and the SAC is ninety-nine named plaintiffs short.

Finally, Plaintiff seeks injunctive relief, but he concedes he will not buy Canada Goose's products again. He therefore concedes he will not incur the future harm that might give him standing to pursue an injunction. Moreover, he makes no effort to plead facts that satisfy the legal standard for an injunction.

In short, Plaintiff's third pleading attempt fails to state any claim on which relief can be granted. As a result, the SAC should be dismissed in its entirety with prejudice.

## STATEMENT OF FACTS[1]

Canada Goose is "a leading manufacturer of performance luxury apparel" and "manufactures winter clothing products . . . the majority of which contain down." SAC ¶¶ 12,

---

[1] The facts set forth herein are drawn from the allegations in the SAC, which are presumed true for purposes of this motion only, and from documents and the website incorporated by reference into the SAC. *See Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 123 (2d Cir. 2011) (in deciding a motion to dismiss, complaint, courts may consider "those 'documents . . . incorporated in it by

14. Plaintiff claims that he purchased three Canada Goose jackets "in or around 2019" from either or both of a Saks Fifth Avenue store and a Canada Goose retail store.[2] SAC ¶ 66. Plaintiff generically claims that he was misled into purchasing these jackets by a single sentence on Canada Goose's website, although he does not claim he reviewed the sentence at issue prior to purchasing the jackets. *See* SAC ¶¶ 34-43, 65-72. The Statement on Canada Goose's website that Plaintiff now contends is "false and misleading" states:

> Our down blends all contain Canadian Hutterite down, which is among the highest quality Canadian down available, enabling us to manufacture lighter jackets without sacrificing warmth.

SAC ¶ 35. The SAC is unclear, but Plaintiff appears to contend that the Statement is materially misleading because (i) he believed all of Canada Goose's products were made with exclusively goose down, (ii) his opinion is that the jackets he purchased are not "high quality," and (iii) Canada Goose allegedly placed "undue emphasis on the Hutterite origin of the down." *See* SAC ¶¶ 36, 43, 59.

## ARGUMENT

The SAC's allegations are insufficient to survive a motion to dismiss under Rule 12(b)(6) because they do not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

reference'" (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002))). Here, the SAC incorporates iterations of the Canada Goose website from 2019 through today. *Quintana v. B. Braun Med. Inc.*, 2018 WL 3559091, at *1 n.1 (S.D.N.Y. July 24, 2018) ("[A] court may consider the contents of a website that Plaintiff's complaint expressly incorporates by reference."); *see also Orozco v. Fresh Direct, LLC*, 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016) (noting "the Court may consider [a] website in its totality as it existed during the relevant time period in resolving Defendant['s] motion to dismiss" when the website is "not only incorporated by reference in the Complaint but is at the center of Plaintiff['s] allegations").

[2] In the course of drafting his Second Amended Complaint, Plaintiff appears to have unearthed a third jacket he allegedly purchased in 2019. *Compare* SAC ¶ 66 (three jackets) *with* Compl. ¶ 22, ECF No. 1 (two jackets) *and* First Am. Compl. ¶ 31, ECF No. 9 (two jackets).

*Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands that Plaintiffs offer more than "labels and conclusions." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## I. THE SECOND AMENDED COMPLAINT IS INADEQUATELY PLED

Despite being Plaintiff's third bite at the apple, the SAC should be dismissed because it remains a slipshod "copy and paste" that continues to contain allegations expressly relating to other companies. For example, Plaintiff alleges that Canada Goose misrepresented that its clothing products contain "premium Angus 'steak'" and that, by purchasing several jackets, Plaintiff "intend[ed] to eat a premium meat product." SAC ¶¶ 142-43. Plaintiff's original and first amended complaints contained multiple explicit references to other companies like Dunkin' Brands and Costco. *See* First Am. Compl. ¶¶ 43, 44, 66, 70 99, 104, 105, ECF No. 9.[3] In "updating" the SAC, Plaintiff simply changed the names of other products to "Product" and other companies to "Defendant" in a way that, in many places, makes no sense when applied to Canada Goose's clothing products. *See, e.g.*, SAC ¶¶ 138, 144, 145 (alleging the "Products' ingredients" deviate from the "packaging and labeling").

This blunderbuss approach to litigation has resulted in a SAC that fails to fairly and coherently disclose the actual claims against Canada Goose and thus fails to comply with Rule 8(a). *See* Fed. R. Civ. P. 8(a); *Lopez v. Arby's Franchisor, LLC*, 2021 WL 878735, at *4 (S.D.N.Y. Mar. 8, 2021) (dismissing a "boilerplate, cut-and-paste" complaint because "those who live by the photocopier shall die by the photocopier" (quoting *Mendez v. Apple Inc.*, 2019

---

[3] The Second Circuit recently affirmed the dismissal of the complaint against Dunkin' Brands, Inc. that appears to have been the "model" for Plaintiff's three complaints in this action. *See Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492 (2d Cir. 2020).

WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019))); *D.J. by Next Friend Megahey v. Cty. of Westchester*, 2020 WL 419382, at *4, *8 (S.D.N.Y. Jan. 27, 2020) (denying leave to amend a second amended complaint in part because the amended document copied and pasted); *Silva Run Worldwide Ltd. v. Bear Stearns & Co.*, 2000 WL 1672324, at *4 n.5 (S.D.N.Y. Nov. 6, 2000) (observing that the plaintiff had copied and pasted large portions of his complaint, and that the source complaint had been largely dismissed); *see also Rodpracha v. Pongsri Thai Rest. Corp.*, 2021 WL 1733531, at *4 (S.D.N.Y. Feb. 11, 2021) ("Troy Law's representation of Plaintiffs has long been characterized by what might generously be referred to as sloppy lawyering.").[4]

## II.  PLAINTIFF FAILS TO STATE A CLAIM UNDER N.Y. G.B.L. § 349 (COUNT I)

To state a claim under N.Y. G.B.L. § 349, Plaintiff must allege facts establishing (1) the Statement is consumer-oriented, (2) the Statement is materially misleading, and (3) Plaintiff

---

[4] Troy Law's "sloppy lawyering" is not limited to this case. The Second Circuit recently affirmed the decertification of a class based on Troy Law's inadequate representation. *See Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 264 (2d Cir. 2021); *see also Shi Ming Chen v. A Taste of Mao, Inc.*, 2021 WL 3727093, at *1 (S.D.N.Y. Aug. 20, 2021) (Daniels, J.) ("[C]lass certification should be denied because the Troy Firm would not fairly and adequately represent the proposed class."); *Rodpracha v. Pongsri Thai Rest. Corp.*, 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021) (Freeman, M.J.) ("Troy Law is not adequate to represent the putative class."). Troy Law and/or its attorneys have also been sanctioned at least *eight* times since 2019 in the Southern and Eastern Districts of New York alone. *See, e.g.*, *Panora v. Deenora Corp.*, 521 F. Supp. 3d 177, 180–81 (E.D.N.Y. 2021) (Cogan, J.); *Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*, 2021 WL 2414872, at *5 (S.D.N.Y. June 11, 2021) (Broderick, J.); *Yi Mei Ke v. J R Sushi 2 Inc.*, 2021 WL 965037, at *3 (S.D.N.Y. Mar. 15, 2021) (Moses, M.J.) (in lieu of monetary sanctions, requiring Troy Law to furnish any additional plaintiffs with a copy of the court's "written admonishment"); *Ji Li v. New Ichiro Sushi, Inc.*, 2020 WL 2094095, at *12 (S.D.N.Y. Apr. 30, 2020) (Nathan, J.); *Guangqing Lin v. Teng Fei Rest. Grp. Inc.*, 2020 WL 264407, at *3-5 (S.D.N.Y. Jan. 17, 2020) *reconsid. denied*, 2020 WL 429128 (S.D.N.Y. Jan. 27, 2020) (Freeman, M.J.); *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, 331 F.R.D. 568, 574-75 (S.D.N.Y. 2019) (Woods, J.); *Chun Lan Guan v. Long Island Bus. Inst., Inc.*, 2019 WL 3807455, at *1 (E.D.N.Y. Aug. 13, 2019) (Amon, J.); *Jianshe Guo v. A Canaan Sushi Inc.*, 2019 WL 1507900, at *3 (S.D.N.Y. Apr. 5, 2019) (Furman, J.); *see also, e.g.*, *Panora v. Deenora Corp.*, 2021 WL 5712119, at *5 (E.D.N.Y. Dec. 2, 2021) (Cogan, J.) (gathering cases critical of Troy Law, including more than half a dozen *additional* cases not cited in this footnote).

suffered an injury as a result of the Statement. *See George v. Starbucks Corp.*, 2020 WL 6802955, at *2 (S.D.N.Y. Nov. 19, 2020), *aff'd*, 857 F. App'x 705 (2d Cir. 2021). Plaintiff's § 349 claim must be dismissed because he fails to plausibly allege the second and third elements of his claim.

### A. The Statement Would Not Mislead a Reasonable Consumer as a Matter of Law

A materially misleading advertisement is one that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Id.*; *see also Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *2-3 (S.D.N.Y. Aug. 30, 2018) (applying the reasonable consumer test and dismissing a § 349 claim under Rule 12(b)(6)). To establish that an advertisement is materially misleading, Plaintiff must do more than allege that the Statement "might conceivably be misunderstood by some few consumers." *Jones v. Orgain, LLC*, 2021 WL 4392783, at *2 (S.D.N.Y. Sept. 24, 2021) (quoting *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018)).

Here, the Statement is not materially misleading as a matter of law because a reasonable consumer would recognize that (i) the Statement explicitly refers to down *blends*, (ii) the Statement's description of the down's origins as "among the highest quality" is nonactionable puffery, and (iii) there is no "undue emphasis" on the down's Hutterite origins.

### 1. The Plain Language of the Statement and the Rest of the Website Make Clear that Canada Goose's Products Are Not Comprised Solely of Goose Down

Plaintiff's allegation that Canada Goose holds out its products as being all-goose and "containing or being comprised solely of Hutterite down" ignores the plain language of the

Statement.  SAC ¶¶ 34, 36.  Plaintiff is not entitled to disregard language that so fundamentally affects the Statement's meaning.  *See Fink*, 714 F.3d at 742 ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial. …[C]larifying language may defeat a claim of deception.").  Here, as Plaintiff alleges—but substantively fails to acknowledge—the Statement explicitly refers to down *blends*: "Our down blends all contain Canadian Hutterite down…."  *See* SAC ¶¶ 35, 41-42, 46.  No reasonable consumer would conclude that products containing "down blends" are comprised "solely" of goose down or, for that matter, solely of Hutterite down.

This argument—that the mention of one notable element in the product somehow implies the element comprises the entire product—is one Plaintiff's counsel has made (and lost) before. *See Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *8 (E.D.N.Y. Sept. 17, 2018), *aff'd*, 954 F.3d 492 (2d Cir. 2020).  In *Chen*, Plaintiff's counsel contended that Dunkin' Donuts' advertisements for the "Angus Steak sandwich" and the "Angus Steak wrap" were materially misleading because the beef patties used in those products contained additives, preservatives, and other ingredients, and not solely Angus beef.  *Id.*  The court held that, without "representations at least suggesting unadulterated meat patties" (such as "All-Meat Patty with 100% Angus Steak" or "All-Natural Angus Steak"), reasonable consumers "would interpret 'Angus Steak' to mean only that the food product would contain *some* Angus beef."  *Id.* (emphasis added).

Here, Canada Goose has made the composition of its products even clearer for consumers, affirmatively calling attention to the fact that its products are "down blends."  *See* SAC ¶ 35.  Additional disclosures identified in the SAC further preclude a reasonable consumer from being misled by the Statement.  The SAC copies a screenshot from Canada Goose's website with a detailed explanation of its "natural down."  *See* SAC ¶ 29.  The website does not

claim that all down is goose down and instead clearly discloses that "[a]ll Canada Goose down is a by-product of the poultry industry." *Id.* The SAC also quotes narrative product descriptions of the specific jackets at issue, allegedly copied from the current version of the Canada Goose website.[5] *See* SAC ¶¶ 67-69. Plaintiff omits to mention that, at the *exact* same URLs where each of those descriptions is found, the website (*see, e.g.*, SAC ¶ 41) expressly states that each of the jackets Plaintiff alleges he purchased consisted of "625 Fill Power White *Duck Down*."[6] No reasonable consumer could view the Statement and interpret it to mean that the products were made of exclusively goose down where (i) the Statement expressly referred to "down blends," (ii) the Canada Goose website clearly discloses that its down comes from the "poultry" industry without any specific reference to geese, and (iii) the complete product descriptions for the jackets at issue expressly state that they are "duck down."[7]

---

[5] The SAC is often unclear as to whether, in any given instance, Plaintiff is referring to the Canada Goose website as it existed in 2019 or today. It appears, however, that Plaintiff relies heavily on the current version of the website. For example, in some instances he explicitly references the current version of the site. *See, e.g.*, SAC ¶¶ 32-33, 39, 41, 57, 64, 67-70.

[6] The same disclosures about fill power and down type were made in 2019, and at the same URLs. *See Wyndham Parka*, CANADA GOOSE, https://www.canadagoose.com/us/en/wyndham-parka-3808M.html (last visited Mar. 1, 2022); *Borden Bomber Black Label*, CANADA GOOSE https://www.canadagoose.com/us/en/borden-bomber-black-label-7968MB.html (last visited Mar. 1, 2022); *Rossclair Parka*, CANADA GOOSE, https://www.canadagoose.com/us/en/rossclair-parka-2580L.html (last visited Mar. 1, 2022).

[7] To the extent Plaintiff argues Canada Goose's name and logo contribute to the purportedly misleading nature of the Statement or are themselves misleading (SAC ¶ 33), the argument is unavailing. First, these components—the name and logo—must be considered in tandem with the Statement, which explicitly refers to "down blends." *See Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y. 2020) ("The entire mosaic is viewed rather than each tile separately." (citing *Belfiore v. Proctor & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015))). But even in isolation, the mention of "goose" in Canada Goose's name and logo does not constitute a promise that all of their products are all-goose. *See Axon v. Fla. Nat. Growers, Inc.*, 813 F. App'x 701, 705 (2d Cir. 2020) (upholding the dismissal of a § 349 claim because reasonable consumers would not interpret the company's brand name—Florida Natural—as a promise that the products were free of other ingredients).

2. The Statement's Description of Hutterite Down as "Among the Highest Quality" Is Nonactionable Puffery

It is black letter law that the words "high quality" in an advertisement are nonactionable puffery. *See Serbalik v. Gen. Motors Corp.*, 667 N.Y.S.2d 503, 504 (N.Y. App. Div. 3d Dep't 1998) ("high quality" is puffery); *Matter of Sundial Growers, Inc. Sec. Litig.*, 138 N.Y.S.3d 330, 330 (N.Y. App. Div. 1st Dep't 2021) (same). A reasonable consumer would recognize that a reference to "among the highest quality" is the seller's opinion and mere puffery. *See Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007) (puffery includes "a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion." (quoting *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000))). The qualifier "among" in the Statement is part of the puffery phrase, and, moreover, clearly indicates to any reasonable consumer that alternatives may exist that achieve the same or similar results. *See, e.g.*, *Hampshire Equity Partners II, L.P. v. Teradyne, Inc.*, 159 Fed. App'x. 317, 317-18 (2d Cir. 2005) (holding that "among the top two" and "among the best" are puffery, and assuming familiarity with the district court opinion, 2005 WL 736217, at *1 (S.D.N.Y. Mar. 30, 2005), in lieu of restating the phrases).

3. The Statement Does Not Place "Undue Emphasis" on the Down's Hutterite Origin

Plaintiff argues that the Statement "unduly emphasizes" that some of the down in the blend has a Hutterite origin, "suggesting" that the Hutterite origin of that down is responsible for the high quality of the products containing the down blend. *See* SAC ¶¶ 34, 43. This argument fails for three reasons. First, Plaintiff has previously admitted that the Hutterite community has a "reputation for raising excellent geese." First Am. Compl. ¶ 14. In that regard, Plaintiff's argument amounts to an assertion that Canada Goose should not call attention to a component of its jackets that Plaintiff himself has acknowledged is notable. In other words, Plaintiff argues

that "emphasizing" a true statement is somehow misleading. But "a party does not violate GBL 349 by simply publishing truthful information and allowing consumers to make their own assumptions about the nature of the information." *Gomez-Jimenez v. N.Y. Law Sch.*, 956 N.Y.S.2d 54, 59 (N.Y. App. Div. 1st Dep't 2012). Second, references to "high quality" remain nonactionable puffery. *See supra* Section II.A.2. Third, Plaintiff fails to allege that the Statement, and the included reference to Hutterite down, is actually emphasized in a way that would mislead a reasonable consumer. Rather, the allegations make clear that the Statement containing the reference to Hutterite down is one among many descriptions on the Canada Goose website. *See, e.g.*, SAC ¶¶ 29, 31-33, 57, 64, 67-69. Plaintiff does not, and cannot, allege that the Statement is given any special prominence. *See Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) ("[T]his court has repeatedly observed that … context is crucial." (internal quotation marks omitted)).

Similarly unavailing is Plaintiff's reference to "fill power" in an apparent attempt to try to connect, on one hand, the Statement's reference to Hutterite down with, on the other, the Statement's reference to the products' high quality.[8] In doing so, Plaintiff cites to a competitor's website, SAC ¶ 18 n.3, that expressly states that a "*high quality* down fill jacket" has a "fill power rating" of 550 cubic inches per ounce or more.[9] The SAC admits that the jackets Plaintiff purchased each had a fill power rating of 625 cubic inches per ounce and thus satisfy the test for "high quality" endorsed by Plaintiff's preferred source. *See* SAC ¶¶ 67-69. Plaintiff has

---

[8] Here, Plaintiff references a purported letter from a local Chinese "bureau." SAC ¶¶ 45-55. The letter is irrelevant as it is not alleged to concern the Statement nor to have been sent to Defendant, and Plaintiff does not, and cannot, assert any claims under Chinese advertising rules.

[9] *See Guide To Down Jacket Warmth: Down Fill Power vs Down Weight*, TRIPLE F.A.T. GOOSE (last visited Feb. 24, 2022), https://triplefatgoose.com/blogs/down-time/a-guide-to-down-jacket-warmth-down-fill-power-vs-down-weight ("When purchasing a high quality down fill jacket, you should look for a fill power rating of at least 550.").

therefore failed to allege that the Statement would materially mislead a reasonable consumer.

### B.     Plaintiff Has Not Alleged Causation and Lacks Article III Standing

Even if Plaintiff had alleged that the Statement could materially mislead a reasonable consumer, the SAC would still fail to state a § 349 claim because Plaintiff has not alleged that he saw the alleged misrepresentation prior to purchasing the jackets at issue in 2019 and thus it cannot have caused him any injury. *See Quintana v. B. Braun Med. Inc.*, 2018 WL 3559091, at *10 (S.D.N.Y. July 24, 2018) (dismissing § 349 claim where Plaintiff failed to allege he "saw the[] statements and under what circumstances."). Without such an allegation, the § 349 claim fails. *See, e.g.*, *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020) ("[R]epresentations that Plaintiffs do not claim to have seen before purchasing the [products] are non-actionable."). It is not enough for Plaintiff to allege that the Statement appeared on the Canada Goose website: rather, he must allege when he saw the Statement there. *Id.* (dismissing claims where plaintiff did not allege viewing statements on a website prior to purchasing the products). Plaintiff fails to do so. Plaintiff merely alleges "during the period of [sic] which Plaintiff purchased the jackets, it was advertised as using the highest quality Canadian Hutterite down." SAC ¶ 70. This is likely no mere pleading defect: Canada Goose raised this precise issue in its letter seeking leave to file a motion to dismiss Plaintiff's first amended complaint, yet the Second Amended Complaint still fails to allege facts establishing if and when Plaintiff actually saw the Statement prior to purchasing the jackets. *See* Jan. 3, 2022 Letter Motion at 2, ECF No. 20.

Furthermore, because he fails to adequately allege that he viewed the Statement prior to purchase, Plaintiff lacks Article III standing. As the Supreme Court recently explained, "[t]o have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm. No concrete harm, no standing." *TransUnion LLC v.*

12

*Ramirez*, 141 S. Ct. 2190, 2200 (2021). "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.* Because Plaintiff does not allege he saw the Statement prior to purchase, he cannot have suffered concrete harm and lacks Article III standing. *See, e.g., TeeVee Toons, Inc. v. Gerhard Schubert GmbH*, 2006 WL 2463537, at *4 (S.D.N.Y. Aug. 23, 2006) (no Article III standing where plaintiff did not "directly rel[y] on any misrepresentations by [defendant]"); *Truckenbrodt v. CBE Grp., Inc.*, 2020 WL 6161254, at * 2 (E.D.N.Y. Oct. 21, 2020) (plaintiff lacked Article III standing where he did not encounter the misrepresentation at issue).

## III.     THE REMAINING CLAIMS SHOULD ALSO BE DISMISSED

### A.      Plaintiff Fails to Plead Facts Establishing the Elements of the Non-New York Causes of Action and Lacks Standing to Bring Such Claims (Count II)

Plaintiff's claims under the fifty-one listed statutes (including N.Y. G.B.L. § 349, again) fail for the same reasons that Plaintiff's G.B.L. § 349 claim fails, including that there is no false or misleading statement, no causation, and no Article III standing. *See supra* Section II.  In addition, Plaintiff fails to allege additional elements required under many of the listed statutes. For example, several of the statutes require pre-suit notice to bring a claim, but Plaintiff does not allege that he served pre-suit notice on Canada Goose of any such claims. *See, e.g.*, *Torrent v. Ollivier*, 2016 WL 4596341, at *3 (C.D. Cal. Sept. 2, 2016) (dismissing claims under California statute for failure to provide pre-suit notice); *see also* Ala. Code § 8-19-10(e) (requiring "written demand for relief" 15 days "prior to the filing"); Alaska Stat. § 45.50.535(b)(1) (requiring pre-suit notice where consumer seeks injunction); Ga. Code § 10-1-399(b) (requiring "written demand for relief" at least 30 days "prior to the filing"); Ind. Code §§ 24-5-0.5-5(a), 24-5-0.5-2(a)(5)-(8) (requiring pre-suit notice with limited exception); Me. Rev. Stat. Ann. tit. 5 § 213(1-

A) (requiring pre-suit notice); Mass. Gen. Laws ch. 93A, § 9(3) (requiring pre-suit notice with limited exceptions).[10]  Additionally, at least two of the statutes do not apply to transactions, like this one, that are governed by state or federal regulation.  *See Reid v. Gen. Motors LLC*, 491 F. Supp. 3d 268, 279 (E.D. Mich. 2020) (dismissing a deceptive trade practices claim because the transaction was subject to regulations specific to defendant's industry); *Petrarca v. Garrison Prop. & Cas. Ins. Co.*, 2019 WL 1453058, at *2 (D.R.I. Apr. 2, 2019) (same); SAC ¶ 22 (alleging the Federal Trade Commission applies the FTC Act to the advertisement of products containing down).

Where Plaintiff's individual claims fail, as here, he lacks standing to bring claims on behalf of absent class members.  *Ret. Bd. of the Policemen's Annuity & Ben. Fund of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 159-60 (2d Cir. 2014) (holding that class standing requires that the named plaintiff have "personally" suffered traceable injury); *see also In re Citigroup Auction Rate Sec. Litig.*, 700 F. Supp. 2d 294, 308 (S.D.N.Y. 2009) ("If the named plaintiffs have no cause of action in their own right, their complaint must be dismissed, even though the facts set forth in the complaint may show that others might have a valid claim." (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002))).  Plaintiff does not even attempt to allege that he has individual standing to pursue any non-New York law claims because he does not plead that he suffered any injury from conduct that occurred *outside* New York.  *See Simington v. Lease Fin. Grp., LLC*, 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012)

---

[10] Plaintiff alleges that he sent what he describes as "pre-suit notice" to Canada Goose's counsel on January 24, 2022, SAC ¶¶ 73-74, but, of course, notice sent four months after the case was commenced (and three years after his alleged purchase) cannot be construed as timely "pre-suit" notice.  *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 589-90 (S.D.N.Y. 2021) (allegations in a complaint that defendant "provided or will provide notice" fail to satisfy the pre-suit notice requirement); *Bassaw v. United Indus. Corp.*, 482 F. Supp. 3d 80, 87 (S.D.N.Y. 2020) (three-year delay in providing notice was "unreasonable as a matter of law").

(barring claims under the laws of states where plaintiff lacked traceable injury). In short, because his individual claims must be dismissed and he makes no attempt to plead individual standing to assert any other claim, Count II must be dismissed because "federal courts lack jurisdiction if no named plaintiff has standing." *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 299 (2d Cir. 2021) (quoting *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019)); *see also Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *8 (E.D.N.Y. Sept. 17, 2018) ("[T]he Court lacks jurisdiction over the state-law class claims of unnamed putative class members.").

Even were he to adequately plead individual claims (he does not), Plaintiff still lacks class standing. Under well-established Second Circuit precedent, to have class standing, not only must Plaintiff suffer personal injury, the conduct underlying Plaintiff's individual claims must also "implicate[ ] the same set of concerns as the conduct alleged to have caused the injury" to the absent class members. *Ret. Bd. of the Policemen's Annuity & Ben. Fund of Chi.*, 775 F.3d at 161 (quoting *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2014)). Only when these requirements are met will Plaintiff's "litigation incentives [be] sufficiently aligned" with the unnamed class members on whose behalf he sues, such that he can have class standing to pursue the class action. *Id.* at 161. These requirements are derived from constitutional standing principles, not Fed. R. Civ. P. Rule 23(a). *See id.* at 160. As such, they can be properly resolved at the motion to dismiss stage. *See id.* at 163 (affirming dismissal of claims for lack of class standing at motion to dismiss stage). Here, Plaintiff lacks class standing because he fails to plausibly allege that the claims under the listed forty-nine non-New York state statutes and a District of Columbia statute require similar inquiries and proof as N.Y. G.B.L. § 349. "The 'same set of concerns' are implicated and the named plaintiff has class standing where the claims of absent class members and the named plaintiff require similar

inquiries and proof." *Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803, at

*10 (S.D.N.Y. Sept. 5, 2017) (quoting *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 162).

Plaintiff fails to even make a conclusory allegation that his claims and the claims of unnamed

class members require similar inquires and proof and, as noted above, many of the listed statutes

have elements that differ materially from G.B.L. § 349.[11]

**B.      Plaintiff's Unjust Enrichment Claim Is Duplicative and Unsupported by the Alleged Facts (Count III)**

Plaintiff's unjust enrichment claim must be dismissed because it arises out of the same

allegations that underlie his other claims. *See Brumfield v. Trader Joe's Co.*, 2018 WL 4168956,

at *4 (S.D.N.Y. Aug. 30, 2018) ("Although unjust enrichment can be pleaded in the alternative,

it 'is not available where it simply duplicates, or replaces, a conventional contract or tort claim.'"

(quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012))); *Gordon v. Hain

Celestial Grp., Inc.*, 2017 WL 213815, at * 7 (S.D.N.Y. Jan. 18, 2017) ("Dismissal with

prejudice is required" where the alleged enrichment "stems from Defendants' deceptive,

fraudulent, and misleading labeling, advertising, marketing and sales of their Products—the very

same conduct underlying her other claims." (internal quotation marks omitted)); *Corsello*, 18

N.Y.3d at 791 ("To the extent that these claims succeed, the unjust enrichment claim is

duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy

the defects."). Further, the facts Plaintiff alleges simply do not support a claim for unjust

enrichment. Unjust enrichment is only available in "unusual situations" involving a defendant's

---

[11] Even if Plaintiff had standing, the Court should nevertheless dismiss claims based on jacket types that Plaintiff did not allegedly purchase (*i.e.*, jackets other than the Borden Bomber, the Wyndham Parka, and the Rossclair Parka). *See DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014) (affirming dismissal of claims based on products that the plaintiff did not purchase for lack of class standing because "each of the . . . different products have different ingredients, and [the company] made different advertising claims for each product").

"equitable obligation" to the plaintiff, such as when the defendant, "though guilty of no wrongdoing, has received money to which he or she is not entitled." *Corsello*, 18 N.Y.3d at 790. Plaintiff pleads no such situation.

**C.     Plaintiff Fails to Sufficiently Allege a Negligent Misrepresentation Claim (Count V)**

Plaintiff's negligent misrepresentation claim fails for four reasons.

*First*, for the reasons discussed above, *see supra* Section II.A, the Statement is not a misrepresentation. *See DeBlasio v. Merrill Lynch & Co.*, 2009 WL 2242605, at *33 (S.D.N.Y. July 27, 2009) (dismissing negligent misrepresentation claim because "the statements . . . identified by Plaintiffs were neither false nor materially misleading").

*Second*, Plaintiff fails to allege that a "special relationship" existed between himself and Canada Goose. *See Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012) (quoting *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000)). In the commercial context, this requires a "closer degree of trust and reliance than that of the ordinary buyer and seller." *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *8 (S.D.N.Y. Oct. 26, 2016). Plaintiff's purchase of the jackets was simply a "basic commercial transaction [that] does not give rise to a special relationship." *Id*. at *9; *see also Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 389 (S.D.N.Y. 2021) (finding no special relationship where plaintiff simply purchased defendant's product at a store). Moreover, it is well established that there can be no special relationship, and therefore no duty of care, where, as here, "the statement at issue is directed at a faceless or unresolved class of persons." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 584 (2d Cir. 2005). Thus, Plaintiff fails to plead the existence of the requisite special relationship with an attendant duty of care.

*Third*, Plaintiff does not allege that he relied on, or even saw, any alleged misrepresentation. To state a claim for negligent misrepresentation, Plaintiff must "establish reliance upon a false statement or material misrepresentation or omission." *Cosh v. Atrium Med. Corp.*, 2020 WL 583826, at *5 (S.D.N.Y. Feb. 6, 2020) (quoting *Amos v. Biogen Idec Inc.*, 249 F. Supp. 3d 690, 697 (W.D.N.Y. 2017)). Conclusory "allegations regarding reasonable reliance" are not enough to survive a motion to dismiss; Plaintiff's allegations must instead specify which exact misrepresentations were made to him and demonstrate his reliance on them. *See Fisher v. APP Pharms., LLC*, 783 F. Supp. 2d 424, 432 (S.D.N.Y. 2011) (quoting *Gonzalez v. Bristol–Myers Squibb Co.*, 2009 WL 5216984, at *8 (D.N.J. Dec. 20, 2009)). Here, Plaintiff fails to adequately plead reliance because he never alleges that he actually reviewed the Statement or any other specifically identified representation in making his purchase. *See Parrott v. Coopers & Lybrand, L.L.P.*, 95 N.Y.2d 479, 484 (N.Y. 2000) (holding plaintiff did not rely on defendant's representations because he never read or received them); *see also supra* Section II.B.

*Fourth*, Plaintiff does not come close to satisfying the heightened pleading standard under Rule 9(b), which applies because the claim sounds in fraud. *See* SAC ¶ 131 (alleging Canada Goose "*intended* the misrepresentations to induce the reliance of Plaintiff and members of the class" (emphasis added)); *Riker v. Premier Cap., LLC*, 2016 WL 5334980, at *5 (S.D.N.Y. Sept. 22, 2016) (holding a misrepresentation claim sounded in fraud and was subject to Rule 9(b) where there were allegations that the party acted "deliberately"). Plaintiff fails to state his claim with particularity pursuant to Rule 9(b), including specifying which statements were allegedly false and why, the speaker of said statements, and where and when the statements were made to him. *See e.g.*, *Izquierdo*, 2016 WL 6459832, at *8; *BNP Paribas Mortg. Corp. v. Bank of Am.*,

*N.A.*, 949 F. Supp. 2d 486, 508 (S.D.N.Y. 2013) (requiring a heightened pleading standard for the negligent misrepresentation claim).

### D. Plaintiff's Claims for Breach of Implied Warranty Fail as a Matter of Law (Counts VI and VII)

Plaintiff's claims for breach of implied warranty must be dismissed because Plaintiff failed to provide Canada Goose with timely notice of these claims. Further, Plaintiff's breach of implied warranty of merchantability claim (Count VI) fails because he does not allege Canada Goose's products are unsuitable for their ordinary purpose. And Plaintiff's breach of implied warranty of fitness claim (Count VII) fails because he does not allege facts sufficient to show he purchased the jackets for a "particular purpose," of which Canada Goose knew or should have known, outside of their ordinary purpose as outerwear.

#### 1. Plaintiff Failed to Provide Canada Goose with Timely Pre-Suit Notice of His Breach of Implied Warranty Claims.

To assert a claim for breach of an implied warranty under New York law, "a buyer must provide the seller with timely notice of the alleged breach." *Valcarcel v. Ahold U.S.A., Inc.*, 2021 WL 6106209, at *9 (S.D.N.Y. Dec. 22, 2021) (quoting *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013)). Courts in this District hold that "timely, pre-litigation notice" is a "condition precedent to bringing an action for breach of warranty." *Id.* (quoting *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244 (S.D.N.Y. 2020)); *see Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 591 (S.D.N.Y. 2021) (requiring pre-suit notice). Here, Plaintiff's failure to provide pre-suit notice is fatal to his implied warranty claims. He alleges that he provided notice on January 24, 2022, SAC ¶¶ 73-74, more than four months *after* he commenced this lawsuit on September 12, 2021, Compl., ECF No. 1, and three years after his putative jacket purchase, SAC ¶ 66. Indeed, Plaintiff's putative "notice" was sent only after Canada Goose pointed out, in its letter seeking leave to file a motion to dismiss, that pre-

suit notice was required for any implied or express warranty claims under New York law.  *See* Jan. 3, 2022 Letter Motion at 3 & n.2, ECF No. 20.  Trying to provide notice months *after* the lawsuit and *several years* after the purchase at issue does not satisfy the pre-suit notice requirement.  *See Bassaw v. United Indus. Corp.*, 482 F. Supp. 3d 80, 87 (S.D.N.Y. 2020) (dismissing a claim because notice three years after purchase was untimely); *Brunella v. Bracchi*, 131 Misc. 301, 301 (N.Y. App. Div.1st Dep't 1928) (holding a 5.5-month delay unreasonable as a matter of law); *Mid Island LP v. Hess Corp.*, 2013 WL 6421281, at *4 (N.Y. Sup. Ct. Dec. 2, 2013) (dismissing a warranty claim for failure to provide notice where the complaint was silent as to when the supposed breach was discovered and instead "offer[ed] a legally conclusory statement that notice was given within a reasonable time thereof"); *Tyman v. Pfizer, Inc.*, 2017 WL 6988936, at *22-23 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 481890 (S.D.N.Y. Jan. 18, 2018) (dismissing warranty claims because plaintiffs failed "to allege any facts that would permit the Court to conclude that they notified [defendant] of the alleged breaches within a reasonable time after discovering them," since the complaint was "silent as to when they discovered or should have discovered the alleged breach of warranty").  Thus, the breach of implied warranty claims must be dismissed because Plaintiff did not provide timely pre-suit notice.

> 2. Plaintiff's Breach of Implied Warranty of Merchantability Claim (Count VI) Fails Because Plaintiff Does Not Allege the Products Are Unfit for Their Intended Purpose as Outerwear.

The implied warranty of merchantability warrants that goods are at least "fit for the ordinary purpose for which such goods are used," N.Y. U.C.C. § 2-314(2)(c), which requires only that the goods "be of a minimal level of quality," *Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *3 (S.D.N.Y. Aug. 30, 2018) (quoting *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013)).  If a complaint pleads nothing to suggest that the product was unfit for

its intended and ordinary purpose, it fails to state a claim for breach of implied warranty. *Brumfield*, 2018 WL 4168956, at *3. Plaintiff includes no allegations whatsoever suggesting that the Canada Goose products he purchased are unfit for their intended purpose as outerwear. His breach of implied warranty of merchantability claim therefore fails as a matter of law.

   3.   Plaintiff's Breach of Implied Warranty of Fitness Claim (Count VII) Fails Because Plaintiff Does Not Allege Any Particular Purpose for the Products of Which Canada Goose Was or Should Have Been Aware.

"[T]he implied warranty of fitness warrants that goods shall be fit for 'any particular purpose for which the goods are required'" outside the goods' ordinary purpose. *Nemes v. Dick's Sporting Goods, Inc.*, 521 F. Supp. 3d 328, 340 (S.D.N.Y. 2021) (quoting N.Y. U.C.C. § 2-315). To assert a claim of breach of implied warranty of fitness, Plaintiff must allege that he purchased the products for a particular purpose other than to utilize the jackets as normal outerwear. *See In re Lyman Good Dietary Supplements Litig.*, 2018 WL 3733949 at *11 (S.D.N.Y. Aug. 6, 2018) (dismissing implied warranty claim for failure to adequately allege that plaintiff communicated that he would use the product for a particular purpose). The SAC includes no such allegations. The "specific purpose" Plaintiff does allege is nonsensical when applied to Canada Goose. *See* SAC ¶¶ 142-43 (alleging Plaintiff's "specific purpose" was to "buy[ ] products that contained premium Angus 'steak'" because he was "intending to eat a premium meat product"). Therefore, Plaintiff's claim of implied warranty of fitness fails as a matter of law.

   E.   **Plaintiff's Breach of Express Warranty Claim Fails (Count VIII)**

As a threshold matter, Plaintiff's failure to provide timely, pre-suit notice is fatal to his express warranty claim for the same reason as his implied warranty claims. *See Bassaw*, 482 F. Supp. 3d at 86-87 (dismissing express warranty claim for lack of timely notice); *see also supra* Section III.D.1.

In any event, Plaintiff also fails to allege *each* of the four required elements to state a claim, any one of which is a sufficient basis to dismiss the claim. *See Brumfield*, 2018 WL 4168956, at *3 (elements of a breach of express warranty claim are "(1) a material statement constituting a warranty, (2) the buyer's reliance on this warranty as a basis for their purchase, (3) breach of the warranty, and (4) injury to the buyer caused by the breach").

*No Express Warranty.* An express warranty requires "an affirmation of fact or promise by the seller, the natural tendency of which is to induce the buyer to purchase." *Daley v. McNeil Consumer Prod. Co., a div. of McNeil-PPC*, 164 F. Supp. 2d 367, 376 (S.D.N.Y. 2001) (citing *Anderson v. Bungee Int'l Man. Co.*, 44 F. Supp. 2d 534 (S.D.N.Y. 1999)). Puffery cannot constitute a warranty as a matter of law. *Serbalik v. Gen. Motors Corp.*, 667 N.Y.S.2d 503, 504 (N.Y. App. Div. 3d Dep't 1998). Although Plaintiff conclusorily asserts that Canada Goose provided "written express warranties . . . that: Canada Goose jackets are made of goose down, that it was field tested extreme outerwear, [and] that it consists of Hutterite down which increases the jacket's fill power," SAC ¶ 149, he does not plead any facts identifying any such written promises. Rather, the single written advertisement at the center of the SAC—the Statement—warrants none of those representations, and instead explicitly refers to Canada Goose's use of "down blends" and makes use of nonactionable puffery. *See Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021) (holding that "Vanilla Soymilk" did not amount to an express warranty that the product exclusively used natural vanilla because the label "does not state it is made exclusively with natural vanilla and a reasonable consumer would not interpret the representation of 'Vanilla Soymilk' to make this claim"); *Mazella v. Coca-Cola Co.*, 2021 WL 2940926, at *7 (S.D.N.Y. July 12, 2021) (dismissing the express warranty claim because plaintiff did "not plausibly plead facts to support the conclusion that the label 'Slightly

Sweet' is a factual representation of the amount of sugar within the Product").  The SAC mentions in passing Canada Goose's "lifetime warranty" stating that Canada Goose will repair a product that "fails due to manufacturing defect," but there is no allegation that this warranty is false or that it otherwise has any relevance to this cause of action.  SAC ¶ 64.

*No Reliance*.  Plaintiff fails to allege that he relied on any warranty when purchasing Canada Goose's products.  *See Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 895 (E.D.N.Y. 2018) (requiring "factual details concerning when, where and how such reliance arose"); *see also supra* Section II.B.

*No Breach*.  Even assuming, *arguendo*, that the Statement constituted an express warranty and that Plaintiff had relied on the Statement, there is nothing in the Statement that is alleged to be false for the reasons explained in Section II.A.  In addition, while Plaintiff selectively quotes narrative product descriptions from the Canada Goose website, Canada Goose also states on the very same webpages that the jackets are made with "duck down."  *See supra* Section II.A.1.  Here, these more specific statements would supersede any more general statement on the Canada Goose website.  *See, e.g.*, *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 678 (E.D.N.Y. 2017) ("Where there are conflicting warranties . . . 'the specific terms . . . must inform the more general term.'" (quoting *Chin v. Gen. Mills, Inc.*, 2013 WL 2420455, at *7 (D. Minn. June 3, 2013))); N.Y. U.C.C. § 2–317 ("Exact or technical specifications displace . . . general language of description.").

*No Injury Caused by a Breach*.  In all events, Plaintiff's breach of express warranty claim fails because he never alleges that he actually *viewed* the Statement on the website prior to making his purchases at brick-and-mortar stores.  *See supra* Section II.B; *see also Beckford v. Pantresse, Inc.*, 51 A.D.3d 958, 959 (N.Y. App. Div. 2d Dep't 2008) (affirming summary

judgment dismissal of plaintiff's breach of express warranty claim for plaintiff's failure to establish a causal connection between the hair product at-issue and her allergic reaction).

### F. The MMWA Claim Fails Along with the Express and Implied Warranty Claims (Count IV)

The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA") "[a]t its core . . . merely incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages." *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 586-87 (S.D.N.Y. 2021) (quoting *Ebin v. Kangadis Food Inc.*, 2013 WL 3936193, at \*3 (S.D.N.Y. July 26, 2013)). Thus, it "allows a consumer to recover damages under existing state law, and attorneys' fees," but is not an independent basis of liability. *Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at \*4 (S.D.N.Y. Aug. 30, 2018) (quoting *Kail v. Wolf Appliance, Inc.*, 2017 WL 3608242, at \*7 (E.D.N.Y. Aug. 21, 2017)). As a result, "claims under the Act stand or fall with the express and implied warranty claims under state law." *Id.* Here, the MMWA claim must be dismissed because it is not an independent basis of liability and Plaintiff has failed to allege an express or implied warranty claim. *See id.*; *supra* Sections III.D, III.E.

Additionally, the SAC falls grossly short of the MMWA requirement that one hundred plaintiffs be named in the complaint. 15 U.S.C. § 2310(d)(3) ("No claim shall be cognizable … if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."); *see also Lieb v. Am. Motors Corp.*, 538 F. Supp. 127, 131 (S.D.N.Y. 1982) (dismissing an MMWA claim because the complaint failed to name one hundred plaintiffs); *Gavilanes v. Gerber Prod. Co.*, 2021 WL 5052896, at \*7 (E.D.N.Y. Nov. 1, 2021) (dismissing the MMWA claim in a GBL § 349 for the same reason). Plaintiff's allegation that "[u]pon certification, the Class will consist of more than 100 named Plaintiffs," SAC ¶ 120, is nonsensical as the size of the putative class has no bearing on the number of named plaintiffs.

MMWA claims require one hundred *named plaintiffs* on the complaint, and the SAC contains only one.

### G.  Plaintiff Lacks Standing to Pursue Injunctive Relief

Finally, Plaintiff is not entitled to injunctive relief because he concedes he will not suffer any future harm and has not pleaded facts that satisfy the legal standard for an injunction.  A plaintiff lacks standing to pursue injunctive relief where he or she fails to establish a "real or immediate threat" of future injury.  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983)).  An allegation that the plaintiff would not have purchased a product but for the alleged misrepresentation is "a concession that [plaintiff] does not intend to purchase the product in the future."  *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 356 (S.D.N.Y. 2020) (quoting *DaCorta v. AM Retail Grp.*, 2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018)).  Here, Plaintiff alleges several times that he "would not have purchased the Product or paid a premium price for it" had he known the alleged truth.  SAC ¶ 103; *see also* SAC ¶¶ 108, 116, 154.  He therefore concedes a lack of future harm and is not entitled to injunctive relief.

### CONCLUSION

For the foregoing reasons, the SAC fails to state a claim and should be dismissed with prejudice in its entirety.

Dated:  March 9, 2022

By: */s/ Chong S. Park*

Chong S. Park (admitted *pro hac vice*)
**ROPES & GRAY LLP**
2099 Pennsylvania Ave. NW
Washington, DC 20006-6807
Tel: (202) 508-4631
Fax: (202) 383-8370
Chong.Park@ropesgray.com

Alexander B. Simkin
Matt Corriel (admission pending)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
Alexander.Simkin@ropesgray.com
Matt.Corriel@ropesgray.com

Monica Mleczko (admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
Monica.Mleczko@ropesgray.com

*Counsel for Defendant*
*Canada Goose US, Inc.*